UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| MARIA ISABEL CASTILLO AS NEXT FRIEND OF SAMUEL CASTILLO, | § § § § | Cv. No. 2:13-CV-00036-DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE ON BEHALF OF THE HOLDERS OF THE SOUNDVIEW HOME LOAN TRUST 2005-1 ASSET BACKED CERTIFICATES, SERIES 2005-1, | § § | |
| Defendant. | | |

<u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>

On January 17, 2014, the Court heard oral argument on the Motion to Dismiss filed by Deutsche Bank National Trust Company, as Trustee on behalf of the holders of the Soundview Home Loan Trust 2005-1 asset backed certificates, series 2005-1 ("Defendant").  (Dkt. # 3 ("Motion to Dismiss".)  Wade Kricken, Esq., appeared at the hearing on behalf of the Plaintiff; Phillip C. Reeves, Esq., appeared at the hearing on behalf of Defendant.  After reviewing the motions' supporting and opposing memoranda, and considering the parties' arguments at the hearing, the Court **GRANTS** Defendant's Motion to Dismiss.  (Dkt. # 4).

1

<u>BACKGROUND</u>

Maria Isabel Castillo, as "next friend" of Samuel Castillo, brought an action asserting violations of the Texas Debt Collection Practices Act and requesting declaratory judgment.  According to the complaint, Samuel Castillo was the title-holder of record of the property located at 218 Irene Avenue, Del Rio, Texas 78840 (the "Property"), and Maria Isabel Castillo has alleged that she occupies the Property.  (Dkt. #1 Ex. A.)

In January 2005, Samuel Castillo executed a Promissory Note and Deed of Trust secured by the Property.  (Dkt. # 1 Ex. A. ¶¶ 10, 11.)  Resmae Mortgage Corporation ("Resmae") was listed as the Lender on the Note, and Mortgage Electronic Registration System ("MERS") was listed as the beneficiary on the Deed of Trust.  (Id. ¶ 11.)  Later, the mortgage was assigned to Defendant. Samuel Castillo defaulted on the loan, and Defendant sought to foreclose.  (Dkt. # 3 at 2.)

The complaint attacks the right of the Defendant to foreclose on Samuel Castillo's property and alleges, essentially, that the Note in its original form "ceased to exist" because the original Lender, Resmae, was not the foreclosing entity.  (Id. ¶ 15.)  Plaintiff alleges that "any subsequent party enforcing the power of sale provision in the deed of trust would necessarily have acquired rights in the Castillo Note through valid negotiation," however, "this

negotiation never occurred because the loan was securitized wherein the intangible payment stream was stripped from the original promissory note and sold to investors as a certificate."  (<u>Id.</u>)  Therefore, Plaintiff alleges, the power of sale provisions in the deed of trust became "void" when the Note ceased to exist in its original form.  (<u>Id.</u>)  Essentially, Plaintiff asserts that Defendant did not have the right to accept mortgage payments and did not have the right to foreclose on the property because Defendant "failed to perfect any security interest in the property." (<u>Id.</u> ¶ 27.)

On June 18, 2013, Plaintiff filed her original complaint and on July 11, 2013, the case was removed to district court based upon diversity jurisdiction under 28 U.S.C. § 1332(a).  (Dkt. # 1.)  On July 18, 2013, Defendant filed its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Dkt. # 3.)  Plaintiff has failed to respond to Defendant's Motion to Dismiss. Defendant's Motion is now before the court.

<u>STANDARDS OF REVIEW</u>

I.     <u>Rule 12(b)(1) Motion</u>

Federal Rule of Civil Procedure 12(b)(1) provides that dismissal is authorized for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  The issue of whether a plaintiff has standing is one of subject-matter jurisdiction.  <u>Cobb v. Central States</u>, 461 F.3d 632, 635 (5th Cir. 2006).  "[W]here federal jurisdiction

is based on diversity of citizenship . . . a federal court is in effect only another court of the state in which it sits and applies the same law that would be applied if the action had been brought in state courts." Farkas v. GMAC Mortg., L.L.C., 737 F.3d 338, 342 (5th Cir. 2013) (quoting Aerosonic Corp. v. Trodyne Corp., 402 F.2d 223, 229 (5th Cir. 1968)).  "It follows that in diversity cases the federal courts cannot allow recovery if the right to recover is denied by the states, and this is true regardless of the form of the action and whether the remedy is sought at law or in equity." Aerosonic, 402 F.2d at 229.

II.     Rule 12(b)(6) Motion

        Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

DISCUSSION[1]

I.     Rule 12(b)(1) Motion – Lack of Subject-Matter Jurisdiction

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). A defendant may assert a "facial attack" or a "factual attack" under Rule 12(b)(1). Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). If the defendant merely files a Rule 12(b)(1) motion, "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." Id. On the other hand, if the defendant makes a "factual attack," wherein the defendant attaches evidence such as affidavits or testimony, a plaintiff is also required to submit facts and must prove, by a preponderance of the evidence, that the trial court does indeed have subject matter jurisdiction. Id. Here, Defendant has filed a "facial attack," and therefore our review is limited to

---

[1] Although Local Rule 7(e)(2) provides that "[i]f there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed," this Court's practice is to examine the merits of an unopposed motion.

whether the complaint is sufficient to allege the appropriate subject-matter jurisdiction.  Id.

Plaintiff has brought a state law claim for violation of the Texas Debt Collection Practices Act and a request for declaratory judgment.  Accordingly, she must satisfy the standing requirements to bring a claim under Texas law.  See Aerosonic, 402 F.2d at 229.  Plaintiff has brought this suit as "next friend" of Samuel Castillo, the mortgagor and owner of the Property at issue.   Texas Rule of Civil Procedure 44 provides that "[m]inors, lunatics, idiots, or persons non compos mentis who have no legal guardian may sue and be represented by 'next friend.'" Tex. R. Civ. P. 44.

Plaintiff did not identify, in either her complaint on in a response to the Defendant's Motion to Dismiss, why Samuel Castillo requires representation by his "next friend."  At the hearing, Plaintiff's counsel informed the Court that Samuel Castillo, who is the brother of Maria Castillo, is currently incarcerated. However, Rule 44 of the Texas Rules of Civil Procedure does not include incarcerated individuals in the class of people who may be represented by "next friend."  See Tex. R. Civ. P. 44.  Accordingly, Maria Castillo lacks standing to bring this claim as the "next friend" of Samuel Castillo.  "Federal courts have no jurisdiction . . . unless a case or controversy is presented by a party with standing to litigate."  Taylor ex rel. Gordon v. Livingston, 421 F. App'x 473, 474 (5th Cir.

6

2011) (quoting <u>Nevares v. San Marcos Consol. Ind. Sch. Dist.</u>, 111 F.3d 25, 26 (5th Cir. 1997)).  Because Plaintiff lacks standing to sue on Samuel Castillo's behalf as his "next friend," the Court lacks subject-matter jurisdiction and therefore grants Defendant's Motion to Dismiss under Rule 12(b)(1).

II.    <u>Rule 12(b)(6) Motion – Failure to State a Claim</u>

Even assuming Plaintiff had standing as Samuel Castillo's "next friend," the complaint would still be dismissed for failure to state a claim under Rule 12(b)(6).[2]

1.    <u>Texas Debt Collection Practices Act Claim</u>

Plaintiff, on behalf of Samuel Castillo, has alleged a claim under the Texas Debt Collections Practices Act ("TDCPA"), codified at Texas Finance Code § 392.001 <u>et seq</u>.  In the complaint, Plaintiff has alleged only that "[t]he acts,

---

[2] Defendant asserts in its Motion that the mortgage was not a "consumer debt" as defined by the TDCPA because the Deed of Trust indicates that the property was not his homestead.  However, Defendant cites no authority to support its proposition.  The TDCPA defines "consumer debt" as "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or an alleged transaction."  Tex. Fin. Code § 392.3001(2).  Defendant alleges that because the Deed of Trust specifically states that Samuel Castillo maintains other property as his homestead, the transaction was not for household purposes.  However, even assuming the Property could not be considered for "household purposes" due to its non-homestead status, the definition of "consumer debt" also includes those primarily for "personal" or "family" purposes.  It is not apparent on the face of the Deed of Trust what the purpose of the mortgage was and the Court, therefore, declines to grant Defendant's Motion to Dismiss on the basis that is was not a "consumer debt."

omissions, and conduct of Defendant . . . constitutes [sic] violations of § 92.004(19), 'using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.'"  (Dkt. # 1 Ex. A. ¶ 35.)

Plaintiff asserts that in a letter dated April 5, 2013, Defendant tendered correspondence advising that the debt was in default and that Samuel Castillo had thirty days to contest the debt and/or cure the amount of the alleged default.  (Id. ¶ 31.)  However, Plaintiff contends the notice was not actually received until mid-April 2013.  (Id.)  The Property was foreclosed upon on May 7, 2013.  (Id. ¶ 32.)  Plaintiff argues that because the foreclosure sale took place fewer than thirty days after notice was received, the Defendants violated § 392.004(19).

Texas Property Code § 51.002 provides that notice of the sale must be given at least twenty-one days[3] before the date of a trustee sale by (1) posting notice at the courthouse door, (2) filing the notice of sale in the office of the county clerk, and (3) serving written notice of the sale by certified mail on each debtor who is obligated to pay the debt.  Tex. Prop. Code § 51.002(b).  Section 51.002 requires only constructive notice; there is no requirement of actual notice.  See Stanley v. CitiFinancial Mortg. Co., Inc., 121 S.W.3d 811, 817 (Tex. App. 2003)

---

[3] The Deed of Trust provided that thirty days' notice must be given in the event of acceleration.  (See Dkt. # 3-1 at 11.)  The April 5 letter was sent more than thirty days prior to the foreclosure that took place on May 7, 2013.  Therefore, the notice was sufficient.

(citing <u>Lambert v. First Nat'l Bank of Bowie</u>, 993 S.W.2d 833, 835 (Tex. App. 1999)); <u>see also</u> Tex. Prop. Code § 51.002(e) ("Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address."). The foreclosure sale took place on May 7, more than thirty days after the April 5 letter. Because actual notice is not required, Plaintiff's assertion that the notice was not properly received does not state a claim for a violation of the Texas Debt Collections Practices Act.

Plaintiff also asserts that "[p]rior to the foreclosure sale, Plaintiff tendered the outstanding amount of the alleged default—approximately $2600," but the Defendant returned the funds and proceeded to foreclose on the property. However, Plaintiff fails to assert how the Defendant's act of returning the funds constitutes a "false representation or deceptive means to collect a debt" under the TDCPA. In fact, the Deed of Trust[4] specifically provides that the "Lender may return any payment or partial payment if the payment or partial payments are

---

[4] In adjudicating a motion to dismiss, a court may consider the pleadings and matters of judicial notice. <u>Lovelace v. Software Spectrum, Inc.</u>, 78 F.3d 1015, 1018–19 (5th Cir. 1996). "Documents 'attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim.'" <u>Hurd v. BAC Home Loans Servicing, LP</u>, 880 F.Supp. 2d 747, 758 (N.D. Tex. 2012) (quoting <u>Collins v. Morgan Stanley Dean Witter</u>, 2224 F.3d 496, 498 (5th Cir. 2000)). Defendant has attached the Deed of Trust that is central to Plaintiff's claims here; therefore, the Court will consider it in adjudicating the instant Motion to Dismiss.

insufficient to bring the Loan current." (Dkt. # 3-1 at 4.) Further, the Deed of Trust indicates that, upon default, the Lender may accelerate the debt and that the Borrower "must pay <u>all</u> sums secured by this Security Instrument." (<u>Id.</u> at 11 (emphasis added).) In other words, the Defendant may have accelerated the debt after default in which the Plaintiff owed the <u>entire</u> amount of the outstanding debt upon default, not merely "approximately $2,600." In any event, Plaintiff has not alleged that $2,600 was the amount the Defendants represented was necessary to halt foreclosure proceedings and then refused to accept it. Nor have they asserted how or why the refusal was a "false representation or deceptive means to collect a debt."

   <u>As alleged</u>, Plaintiff has failed to state a claim upon which relief can be granted and the Court accordingly dismisses the claim under the Texas Debt Collections Practices Act brought by Maria Castillo. The claim is <u>dismissed without prejudice</u> to the extent that it may be re-filed by the proper party and asserts a valid claim under the Texas Debt Collections Practices Act.

  2. <u>Declaratory Judgment</u>

   In the complaint, Plaintiff also requests that the Court make certain declarations related to the sale of the Property and the documents associated with it, requesting "a judicial determination of the rights, obligations and interests of the parties with regard to the property." (Dkt. # 1 Ex. A. ¶ 24.) Because a request for

declaratory judgment is "merely a theory of recovery" for a cause of action, <u>Sid</u>

<u>Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.</u>, 99 F.3d 746,

752 n.3 (5th Cir. 1996), and Plaintiff has failed to allege a cause of action under the

only claim she has brought (violation of the Texas Debt Collection Practices Act),

the request for declaratory judgment also fails.  <u>See</u> <u>Hurd v. BAC Home Loans</u>

<u>Servicing, LP</u>, 880 F.Supp 2d 746, 769 (N.D. Tex. 2012) (converting a request for

relief under the Texas Declaratory Judgments Act into an action brought under the

federal Declaratory Judgment Act after removal, and holding that the availability

of a declaratory judgment depends on the existence of a valid claim).  However,

for the sake of thoroughness, the Court will address Plaintiff's arguments for

declaratory judgment.

Plaintiff's argues she is entitled to a declaratory judgment because (1)

Defendant did not have the right to accept mortgage payments or foreclose on the

property because Defendant failed to perfect any security interest in the property;

(2) Defendant did not have the right to foreclose on the property because

Defendant did not properly comply with the terms of the securitization

requirements; (3) Defendant cannot foreclose because the only party with a

"beneficial interest" and "standing to foreclose" is the actual holder of the Castillo

Note, and "[t]he only individuals who are the holders of the note are the certificate

holders of the Trust because they are the end users and pay taxes on their interest gains."  (Id. ¶¶ 27, 28.)

Even assuming Plaintiff's declaratory judgment request could stand on its own, see Sid Richardson, 99 F.3d at 752 n.3, Plaintiff has failed to state a claim upon which her request for relief could be granted.

Plaintiff's arguments are all predicated upon the alleged invalidity of the assignments of the Note and Deed of Trust and/or the invalidity of the securitization process—resulting in Defendant being unable to "show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original promissory note and deed of trust, resulting in imperfect security interests and claims."  (Dkt. # 1 Ex. A. ¶ 17.)   However, Texas does not require production of the "original" note.  See Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 253–54 (5th Cir. 2013).  Further, the Fifth Circuit has noted that the transfer of a mortgage in Texas presumptively includes the note secured by the mortgage.  Reinagle v. Deutsche Bank Nat. Trust Co., 735 F.3d 220, 225 (5th Cir. 2013).  Plaintiff has failed to rebut the presumption that the transfer of the mortgage, here, included the note.  Accordingly, Plaintiff's claims that the original Castillo note was "stripped" from the Deed of Trust fails.

Texas has also already rejected Plaintiff's arguments that securitization was improper.  See Reinagel, 735 F.3d at 228 (citing Basic Capital

Mgmt., Inc. v. Dynex Commercial, Inc., 348 S.W.3d 894, 900 (Tex. 2011)).

Further, because Plaintiff is neither a party nor a third-party beneficiary to the

Pooling and Servicing Agreement ("PSA") that governed the transfer of the

mortgage into the trust, Plaintiff lacks standing to challenge the assignments. See

id. Even if the transfer of the mortgage into the trust violated the terms of the PSA,

that violation would only render the assignment voidable, not void. Id. ("[E]ven

assuming that the Reinagels are third-party beneficiaries, the fact that the

assignments violated the PSA—a separate contract—would not render the

assignments void . . . .").  Although a third party may challenge a transaction that is

void, only a party to a transaction may challenge a voidable agreement. See id. at

225. Accordingly, Plaintiff's asserted arguments for declaratory relief, even if

filed by the proper party, fail as a matter of law and the declaratory judgment

action is therefore dismissed with prejudice.  However, a declaratory judgment

action may be re-filed so long as it is filed by the proper party and asserts valid

arguments for relief not contained, and which could not have been contained, in

this complaint.

CONCLUSION

For the reasons given, the Court hereby **GRANTS** Defendant's

Motion to Dismiss (Dkt. # 3).  The Texas Debt Collection Practices Act claim is

**DISMISSED WITHOUT PREJUDICE** to the extent that it may be re-filed by

13

the proper party and asserts a viable claim.  Any claims asserted by Maria Castillo

as "next friend" are **DISMISSED WITH PREJUDICE**, and the arguments for

declaratory relief contained herein that fail to assert a viable claim even if re-filed

by the proper party are also **DISMISSED WITH PREJUDICE**; however, a

declaratory judgment action may be re-filed so long as it is filed by the proper

party and asserts valid arguments for relief not contained in this complaint and

which could not have been contained in this complaint.

> **IT IS SO ORDERED.**

> **DATED**: Del Rio, Texas, January 23, 2014.

_____

David Alan Ezra
Senior United States Distict Judge